United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40233
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SON VAN LE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-472-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Son Van Le appeals from one count of assault with a dangerous weapon within maritime and territorial jurisdiction in violation of 18 U.S.C. §§ 7(1), 113(a)(3).

Le argues that the district court committed clear error by increasing his offense level by five based upon a "serious bodily injury" inflicted on the victim, Hieu Thanh Nguyen. We review the district court's § 2A2.2(b)(3)(B) five-level increase for clear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  See United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

Section 2A2.2(b)(3)(B) requires a five-level increase to a base offense level if the victim of the offense sustained serious bodily injury.  "'Serious bodily injury' means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation."  § 1B1.1 cmt. n.1(L); see § 2A2.2 cmt. n.1.

The record reflects that Nguyen required medical treatment for the stab wound inflicted by Le.  See § 1B1.1 cmt. n.1(L); see § 2A2.2 cmt. n.1.  Testimony from a treating physician revealed that two layers of sutures were necessary and a Coast Guard medical technician testified that there was a great deal of blood down Nguyen's back and front side.  The district court noted that Nguyen informed the probation officer that the stab wound was the most extreme pain he had ever felt.  See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994).  Accordingly, from the record as a whole, the district court did not commit clear error in applying the five-level increase.  See Villanueva, 408 F.3d at 203 & n.9.

Le argues that the district court erred in applying a four-level increase for the use of a dangerous weapon.  He contends that the element of a dangerous weapon was already accounted for in the statute of conviction, therefore the district court did not need to count it again as part of his offense level.  We review

this issue for plain error as Le raises it for the first time on appeal.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Le cannot demonstrate plain error as the relevant guideline does not prohibit double-counting.  See United States v. Box, 50 F.3d 345, 359 (5th Cir. 1995); § 2A2.2.

Le finally argues that the district court's five-level increase for "serious bodily injury" constituted a departure from the guidelines.  Le further argues that the court's departure was compounded by the court's failure to articulate its reasons and its reliance on outside factors such as Le's criminal history, racial motivations, and prior encounters with Nguyen, to increase Le's sentence.

The district court's sentence was reasonable as the record reflects that the district court acknowledged that the guidelines were advisory, considered the 18 U.S.C. § 3553 factors, and sentenced Le within the guideline range.  See Mares, 402 F.3d at 519; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.